IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLIFFORD S. YARBERRY                                                                          PLAINTIFF

v.                                            Civil No. 6:17-cv-6117

WENDY KELLY, *et al.*                                                                       DEFENDANTS

## ORDER

Currently before the Court is Plaintiff Clifford S. Yarberry's failure to obey a Court Order and failure to prosecute. Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.

On November 15, 2017, Plaintiff filed his Complaint in the Eastern District of Arkansas. (ECF No. 2). On November 16, 2017, the case was transferred to this district. (ECF No. 3). On November 29, 2017, Plaintiff filed an Amended Complaint. (ECF No. 7). On December 18, 2017, in order to give Plaintiff the opportunity to correct deficiencies in his Amended Complaint, the Court entered an Order directing Plaintiff to file a Second Amended Complaint by January 8, 2018. (ECF No. 8). Plaintiff was advised that failure to submit a Second Amended Complaint would render his case subject to dismissal. The Court's December 18, 2017, Order was not returned as undeliverable. As of the date of this Order, Plaintiff has not filed a Second Amended Complaint or otherwise responded to the Court's December 18, 2017, Order. Plaintiff's last communication with the Court was on November 29, 2017. (ECF No. 7).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with the Court's Order directing him to file a Second Amended Complaint. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed for failure to comply with the Court's Order and failure to prosecute this case. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of March, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge